09-4678-ag
Gao v. Holder

BIA
Balasquide, IJ
A098 895 904

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven.

PRESENT:
REENA RAGGI,
PETER W. HALL,
GERARD E. LYNCH,
        *Circuit Judges*.

_____

HE GAO, a.k.a. TAKANORI KIMURA,
        *Petitioner*,

        v.                                        09-4678-ag
                                                  NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Jed S. Wasserman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director; John J.W. Inkeles, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner He Gao, a native and citizen of the People's Republic of China, seeks review of an October 21, 2009, order of the BIA affirming the February 11, 2008, decision of Immigration Judge ("IJ") Javier Balasquide, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re He Gao*, No. A098 895 904 (B.I.A. Oct. 21, 2009), *aff'g* No. A098 895 904 (Immig. Ct. N.Y. City Feb. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. The evidence includes Gao's admission that he repeatedly testified falsely under oath in order to avoid being removed to China, *see Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that in certain circumstances "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence"), and the inconsistency between Gao's testimony and that of his witness, *see* 8 U.S.C. 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim"). That is, Gao testified that Chinese authorities were searching for him because he had harbored a fugitive who practiced Falun Gong, but his witness testified that authorities were searching for Gao because he possessed or distributed files about Falun Gong.

2

Because the agency reasonably determined that Gao was not credible with respect to his claim of a well-founded fear of persecution for having harbored a Falun Gong practitioner, that determination necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief insofar as they were based on that factual predicate. We deny his petition for review to that extent. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We lack jurisdiction to review Gao's unexhausted argument that he would be tortured based on his illegal departure from China, and we dismiss his petition for review to that extent. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3